# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

CRYSTAL ARMENTROUT,
for R.A., a minor,

        Plaintiff,

v.                                                                                          Case No. 6:23-cv-2237-JRK

LELAND C. DUDEK,
Acting Commissioner of Social
Security, [1]

        Defendant.

---

## **OPINION AND ORDER**[2]

### I.   Status

Crystal Armentrout ("Plaintiff"), on behalf of R.A., a minor ("Claimant") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision finding that Claimant is not disabled and therefore is ineligible for child's supplemental security income ("SSI"). Claimant's alleged disability is based upon "epilepsy, vision problems, autism, speech delays[,] a learning disability," "expressive language delay, bilateral amblyopia,

---

[1] Leland C. Dudek became the Acting Commissioner of Social Security in February 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Dudek is substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 12), filed November 28, 2023; Reference Order (Doc. No. 15), entered December 7, 2023.

hyperopia, phonological disorder, [and] avoida[nt] restrictive food intake." Transcript of Administrative Proceedings (Doc. No. 18; "Tr." or "administrative transcript"), filed January 17, 2024, at 52, 59 (emphasis omitted); see Tr. at 188, 217, 240. The SSI application was protectively filed on November 9, 2020, with an alleged disability onset date of January 15, 2017. Tr. at 161-81.[3] Later, the alleged disability onset date was amended to November 9, 2020 (the date of the application). Tr. at 276. The application was denied initially, Tr. at 52-57, 58, 90-93, and upon reconsideration, Tr. at 59-65, 66, 103-04.[4] On January 12, 2023, an Administrative Law Judge ("ALJ") held a hearing,[5] during which she heard testimony from Claimant's mother, Plaintiff, who appeared with counsel. See Tr. at 36-51. At the time of the hearing, Claimant was almost six years old and in kindergarten. Tr. at 42, 47. The ALJ issued a Decision on March 16, 2023, finding Claimant "has not been disabled . . . since November 9, 2020, the amended alleged onset date." Tr. at 30, 18-30 (citation omitted).

Plaintiff requested review of the Decision by the Appeals Council. Tr. at 4-5 (exhibit list and Order), 14 (cover letter), 158-60 (request for review). On

---

[3] The application was signed on October 29, 2020 and filed on an unspecified date. Tr. at 161, 181. Elsewhere in the administrative transcript, the protective filing date is listed as November 9, 2020. Tr. at 52, 59.

[4] Some of these documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

[5] Although the transcript of the hearing reflects that it was held in person, it appears that the hearing was actually held via telephone. See Tr. at 136-37 (Consent form for telephonic hearing), 145 (Notice of Hearing indicating it will be telephonic).

September 27, 2023, the Appeals Council denied the request for review, Tr. at 1-3, making the ALJ's Decision the final decision of the Commissioner. On November 18, 2023, Plaintiff commenced this action under 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

Plaintiff on appeal argues the ALJ failed to give "adequate rationale when evaluating the persuasiveness of the medical opinions of record." Memorandum in Support of Plaintiff (Doc. No. 25; "Pl.'s Mem."), filed March 11, 2024, at 21. On May 10, 2024, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 29; "Def.'s Mem.") addressing Plaintiff's argument. Then, on May 24, 2024, Plaintiff's Memorandum in Reply (Doc. No. 30; "Reply") was filed. After a thorough review of the entire record and consideration of the parties' respective filings, the undersigned finds the Commissioner's final decision is due to be affirmed.

## II.   The Disability Evaluation Process for Children

An individual "under the age of 18 [is] consider[ed] . . . disabled if [the individual] ha[s] a medically determinable physical or mental impairment or combination of impairments that causes marked and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906; see 42 U.S.C. § 1382c(a)(3)(C)(i). When determining whether an

individual under the age of eighteen is disabled, an ALJ must follow the three-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether (1) the claimant is engaging in substantial gainful activity; (2) the claimant has a severe impairment or combination of impairments; and (3) the impairment(s) meet, medically equal, or functionally equal any of the impairments set forth in the Listings. 20 C.F.R. § 416.924; see also Shinn ex rel. Shinn v. Comm'r of Soc. Sec., 391 F.3d 1276, 1278-79 (11th Cir. 2004) (explaining the three-step sequential evaluation process for children); Banks ex rel. Hunter v. Comm'r of Soc. Sec. Admin., 686 F. App'x 706, 712 (11th Cir. 2017) (unpublished); T.R.C. v. Comm'r, Soc. Sec. Admin., 553 F. App'x 914, 918 (11th Cir. 2014) (unpublished); Turberville v. Astrue, 316 F. App'x 891, 892 (11th Cir. 2009) (unpublished).

With respect to the analysis conducted at step three, an ALJ considers the combined effect of all medically determined impairments, even those that are not severe. 20 C.F.R. §§ 416.923, 416.924a(b)(4), 416.926a(a) and (c). The ALJ then looks to "objective criteria set forth in [the Regulations]" to determine whether the impairment(s) cause severe and marked limitations. Shinn, 391 F.3d at 1278. The Regulations contain the Listings "specifying almost every sort of [impairment] from which a person can suffer, sorted into general categories." Id. (citing 20 C.F.R. § 416.925(a)). Each listed impairment contains a discussion

of the different limitations on the child's abilities that the impairment may impose. Id. (citing 20 C.F.R. § 416.925(a)).

Limitations appearing in the Listings "are considered 'marked and severe.'" Id. (citing 20 C.F.R. § 416.925(a)). Limitations resulting from a child's impairment(s) meet "the Listings if the child actually suffers from the limitations specified in the Listings for that child's severe impairment." Id. Limitations resulting from a child's impairments medically equal "the Listings if the child's limitations 'are at least of equal medical significance to those of a listed impairment.'" Id. (quotation omitted); see 20 C.F.R. § 416.926).

Even if the child's limitations do not medically equal the Listings, "the ALJ can still conclude that those limitations are 'functionally equivalent' to those in the Listings." Id. To make that determination, "the ALJ assesses the degree to which the child's limitations interfere with the child's normal life activities," using "six major domains of life[.]" Id. Those domains are:

> (i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for [one]self; and, (vi) Health and physical well-being.

20 C.F.R. § 416.926a(b)(1); see also T.R.C., 553 F. App'x at 918 (citation omitted). "A child's impairment is 'of listing-level severity,' and so 'functionally equals the listings,' if as a result of the limitations stemming from that impairment the child has 'marked limitations in two of the domains [above], or

an extreme limitation in one domain.'" Shinn, 391 F.3d at 1279 (alteration in original) (quoting 20 C.F.R. § 416.926a(d) and citing 20 C.F.R. § 416.925(a)).

### III.   The ALJ's Decision

The ALJ followed the required three-step sequential evaluation process for children. Tr. at 19-30. At step one, after recognizing Claimant "was a preschooler on November 9, 2020, the amended alleged onset date, and is currently a school-age child," the ALJ determined that Claimant had "not engaged in substantial gainful activity since . . . the amended alleged onset date." Tr. at 19 (emphasis and citation omitted). Next, at step two, the ALJ found Claimant suffers from "the following severe impairments: KCNQ2 gene mutation with seizure disorder, neurodevelopmental disorder with phonological and speech articulation delays, borderline intellectual functioning, and autism spectrum disorder." Tr. at 19 (emphasis and citation omitted).

At step three, the ALJ found that Claimant "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 19 (emphasis and citation omitted). The ALJ then determined that "[C]laimant does not have an impairment or combination of impairments that functionally equals the severity of the listings." Tr. at 21 (emphasis and citation omitted). In terms of the six major domains of life, the ALJ ascertained the following: Claimant has "less than a marked limitation in acquiring and using

information"; "less than a marked limitation in attending and completing tasks"; "less than a marked limitation in interacting and relating with others"; "no limitation in moving about and manipulating objects"; "less than a marked limitation in the ability to care for herself"; and "less than a marked limitation in health and physical wellbeing." Tr. at 22 (some emphasis omitted). Accordingly, the ALJ found that "[C]laimant does not have an impairment or combination of impairments that functionally equals a listing, because [C]laimant does not have either 'marked' limitations in two domains of functioning or 'extreme' limitation in one domain of functioning." Tr. at 30.

The ALJ concluded that "[C]laimant has not been disabled . . . since November 9, 2020, the amended alleged onset date." Tr. at 30 (emphasis and citation omitted).

## IV.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial

evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam); see also Noble v. Comm'r of Soc. Sec., 963 F.3d 1317, 1323 (11th Cir. 2020).

## V.   Discussion

Plaintiff frames the issue as challenging the ALJ's rationale regarding "the persuasiveness of the medical opinions of record." Pl.'s Mem. at 21. In arguing in her memorandum, however, Plaintiff focuses exclusively on the

opinion of certified behavioral analyst Brittany Boganski, BCBA.[6] Id. at 22-32. According to Plaintiff, the ALJ provided insufficient rationale for finding Ms. Boganski's opinion to be unpersuasive. See id. Responding, Defendant argues the ALJ complied with the Regulations and provided "sound" rationale. Def.'s Mem. at 1, 6-15.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations as they pertain to child SSI claims, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the abilities" of "the six domains of functioning":

    (A) Acquiring and using information (see § 416.926a(g));
    (B) Attending and completing tasks (see § 416.926a(h));
    (C) Interacting and relating with others (see § 416.926a(i));
    (D) Moving about and manipulating objects (see § 416.926a(j));
    (E) Caring for yourself (see § 416.926a(k)); and
    (F) Health and physical well-being (see § 416.926a(l)).

---

[6] In the Reply, Plaintiff attempts an expansion of the issue that is discussed in more detail below.

20 C.F.R. § 416.913(a)(2)(ii)(A)-(F). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[7] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, if the ALJ "find[s] that two or more

---

[7] Claimant's application was filed after the effective date of sections 404.1520c and 416.920c, so the undersigned applies the revised rules and Regulations.

- 10 -

medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).[8]

Here, Ms. Boganski authored an opinion on January 5, 2023 regarding Claimant's six domains of functioning. Tr. at 1120-23. According to Ms. Boganski, Claimant has marked limitation in four of the six domains: acquiring and using information; attending and completing tasks; interacting and relating with others; and caring for herself. Tr. at 1120-22. Ms. Boganski opined Claimant has less than marked limitation in the two remaining domains: moving about and manipulating objects; and health and physical well being. Tr. at 1122. Ms. Boganski provided relatively detailed reasons for her findings. See Tr. at 1120-22.

The ALJ, in addressing Ms. Boganski's opinion, wrote as follows:

> The undersigned does not find this opinion to be persuasive, given that it is neither supported by Ms. Boganski's treatment notes nor consistent with the record available at the time of this decision. Ms. Boganski observed that while [C]laimant would often go to another area and play alone with the toy she wanted, did not ask for help when needed,

---

[8] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

>inconsistently responded to her name, and improperly engaged with her siblings, she was appropriately dressed and groomed, frequently complied with instructions, appropriately played with the toys and engaged in imaginary play, and increasingly transitioned between work trials and play without engaging in high rates of challenging behavior. Additionally, Ms. Boganski observed that [C]laimant's behavior and use of language improved, that she shared more and interacted more appropriately with her siblings, and that . . . she increasingly responded to instructions in productive and appropriate manners rather than throwing tantrums during the course of therapy. (e.g. 15F 1-2, 4, 6, 12, 19-22, 31-33, 47-49, 72-74, 93, 113-116, 136-139, 152-155, 172-175; 18F 8-10, 24-26, 41-43, 58-62, 66, 74-77, 87-89, 106-108, 128-130, 151-152, 166-167, 172, 177-178, 180-181).
>
>Further, [C]laimant's other examiners noted that while she had speech and language deficits and borderline intellectual functioning, her speech improved significantly with therapy, her seizures remained controlled with medication, and her teacher determined that [C]laimant had no more than an obvious problem in any of the functional domains. (e.g. Testimony; 15E 5-12; 2F 2-4; 11F 2-5; 17F 24, 31-34, 43-49, 59-63). This evidence is inconsistent with the functional limitations proposed by Ms. Boganski.

Tr. at 29.

The ALJ's findings rely upon numerous specifically-cited record exhibits[9] and are supported by substantial evidence. Ms. Boganski's and her colleague's notes reflect some behavioral challenges but overall significant improvement during the course of the treatment with most entries reflecting low or moderate

---

[9] The ALJ cites in terms of exhibit numbers and page numbers within each exhibit. The undersigned has provided the overall administrative transcript citations herein.

rates of challenging behavior. See Tr. at 616-795, 909-1090. Moreover, the ALJ's observations about other examiners are accurate and supported. See Tr. at 338-40 (March 29, 2022 psychological evaluation by Danna B. Costa-Sahs, Psy.D., indicating Claimant's symptoms are "mildly impacting activities of daily living, academic performance, and interpersonal interactions"); Tr. at 560-64 (May 25, 2021 evaluation by Melisa Flores Ruiz, Psy.D., indicating Claimant "does not currently meet the criteria for a Specific Learning Disorder" and noting Claimant "can perform basic acts related to self-care with assistance and redirection," "can do age-appropriate house chores with guidance and redirection," and rides the bus to school but has "limited social interactions" and "difficulties putting the right shoes on the right foot"); Tr. at 827-908 (Nemours treatment notes regarding Claimant's seizures).

In challenging the ALJ's findings, Plaintiff alleges that Ms. Boganski's opinion is actually supported by her own notes, citing a few instances of non-compliant behavior later in treatment. See Pl.'s Mem. at 25-26 (citations omitted). Overall, however, the ALJ's observations are accurate and supported—the Court is prohibited from reweighing the evidence even if the Court may reach a different conclusion. Plaintiff also alleges there was a twelve-month period in which Claimant did not improve sufficiently (and therefore she could meet the twelve-month duration requirement). Reply at 3. But, the notes overall do not reflect such a demarcation.

Plaintiff asserts the ALJ failed to consider that Ms. Boganski's opinion is consistent with an opinion by Nancy Silva, APRN. See id. at 31. The ALJ, however, considered Ms. Silva's opinion in detail, finding it to be "somewhat persuasive." Tr. at 29. Moreover, the opinions are not entirely consistent: Ms. Boganski assigned marked limitation in four out of six domains; Ms. Silva only assigned marked limitation in two out of six domains. Compare Tr. at 1120-22 (Ms. Boganski's opinion), with Tr. at 1091-94 (Ms. Silva's opinion). To the extent Plaintiff argues in her Reply that Ms. Silva's opinion and state-agency opinions were improperly addressed by the ALJ, Reply at 4-7, she did not make that argument in her initial brief and has therefore waived it. A review of the ALJ's Decision on the whole, in any event, reflects careful and thoughtful consideration by the ALJ that need not be disturbed.

## VI. Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. Accordingly, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on February 25, 2025.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record